IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1136-GMS |
| | ) |
| MIKE LITTLE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**I. BACKGROUND**

Drumgo raises claims under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In his first claim, Drumgo alleges that the defendants Mike Little ("Little")[2] and Tim Martin ("Martin") illegally obtained, copied, searched, reviewed, and read his legal papers, confidential mails, discovery, and transcripts in his legal cases and outside his presence, giving an unfair advantage to the defense and the prosecution (including the defendant Deputy Attorney General Kenisha Ringgold ("Ringgold")). Drumgo alleges it was made clear to

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Drumgo states that Little previously testified against him in Case No. JP9-13-00760.

him by the defendant Sgt. Patrick Iwaskiewicz ("Iwaskiewicz") that Little and Martin are retaliating against him on the command of the defendant Officer Reginald Brown ("Brown") (a defendant in another one of Drumgo's cases that is scheduled for trial) through an order to the defendant Lt. Peck ("Peck"). Drumgo alleges that the retaliation is due to his filing numerous civil suits, criminal appeals, grievances, and formal and informal complaints. Drumgo alleges that he was deprived of his legal papers for a month while facing trial in *Drumgo v. Brown*, Civ. No. 08-592-GMS.[1] He also appears to allege that he was not able to pursue an appeal, that a deadline expired before the Delaware Supreme Court, and that there was an issue with outgoing legal mail and motions to the Delaware Supreme Court.

Drumgo's second claim is that after he saw his attorney on February 11, 2014, the defendants C/O Roy Foreaker ("Foreaker"), Iwaskiewicz, and Martin showed Drumgo copies of his confidential materials. Drumgo alleges that Iwaskiewicz passed the documents to Foreaker who passed them to Martin, who them brandished them in front of Drumgo. Drumgo was able to get glimpses of the documents. Drumgo alleges that Iwaskiewicz told him that Little was trying to teach Drumgo a lesson for filing civil complaints and grievances.

Drumgo's third claim is that on April 5 or 6, 2014, when he was transferred to Building #21, Iwaskiewicz and the defendant Lt. Stevenson ("Stevenson") refused to honor a memo from Major Costello that allowed Drumgo's legal work to follow him to isolation. Drumgo asked the defendant Timothy Moss ("Moss") for his documents, to no avail. When Drumgo refused to walk, he was loaded onto a food cart and taken to the infirmary for review of injuries. Drumgo

---

[1] The court notes that Drumgo is represented by counsel in Civ. No. 08-592-GMS. (*See id.* at D.I. 149.)

alleges that Moss and Stevenson were angry that he would not walk so they dragged him by the handcuffs. Drumgo alleges Stevenson used Drumgo's shirt to strangle him and that he punched Drumgo in the back of the head, while Drumgo was handcuffed. Drumgo alleges that Moss failed to stop the beating.

Drumgo's fourth claim is somewhat unclear. He seems to allege that Brown made a request or order to Peck who ordered the defendant C/O Madeline Lynch ("Lynch") to engage in a conspiracy to deliver Drumgo's documents to Little and Martin.

Drumgo's fifth claim is that on August 4, 2014, the defendants C/O Kirlin ("Kirlin") and C/O Shannon Corbett ("Corbett") forced him to remain in a bug infested shower infested for 45 minutes in retaliation for a lawsuit he filed against Anthony Burris. Kirlin then read aloud the names of other officers from Drumgo's documents. Drumgo began kicking the shower door to get the attention of mental health, and Kirlin came to retrieve Drumgo from the shower. He alleges that he did not resist and put his hands behind his back. When he saw his cell in complete disarray he sat down Indian style, submissively, posing no threat. Drumgo alleges that Kirlin became agitated and yelled for Corbett to spray Drumgo. Corbett sprayed Drumgo while Kirlin kneed him in the cheek. Another C/O told Kirlin to stop. Drumgo was taken to isolation. Drumgo asked to shower because of the burning from the spray, but received no response.

Drumgo alleges that the defendants Major Carrothers ("Carrothers"), Capt. Bruce Burton ("Burton"), Warden Pierce ("Pierce"), and Deputy Warden Scarborough ("Scarborough") each failed to respond to his letters and/or grievances cited "emergency," and that the foregoing defendants were aware (of something) but failed to supervise their underlings. Drumgo sues the

defendants in the individual and official capacities and seeks compensatory and punitive damages, as well as injunctive relief.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drumgo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Grievances/Letters

Drumgo alleges that Carrothers, Burton, Pierce, and Scarborough did not respond to his emergency letters and/or grievances. He alleges the foregoing defendants failed to supervise their underlings.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Drumgo bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011 (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Drumgo is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick*, 932 F.2d at 729).

Moreover, participation in the after-the-fact review of a grievance is not enough to establish the requisite personal involvement necessary for a § 1983 claim. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). Hence, the allegations that prison officials failed to respond to Drumgo's letters do not state constitutional claims.

In addition, the remaining claims against the foregoing defendants are frivolous. Drumgo alleges in a confusing and conclusory manner that the foregoing defendants failed to supervise their underlings. The claims against Carrothers, Burton, Pierce, and Scarborough do not meet the pleading requirements of *Iqbal* and *Twombly* are clearly frivolous and will be dismissed.

For the above reasons, the court will dismiss Carrothers, Burton, Pierce, and Scarborough and the claims against them as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### B. Retaliation

Drumgo raises several retaliation claims based upon his filing of lawsuits and grievances. A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim. *See Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution); *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995) (prison officials may not retaliate against an inmate for complaining about a guard's misconduct).

In his first claim, Drumgo alleges that Little, Martin, Iwaskiewicz, Brown, and Peck took actions with regard to his legal papers, mail, and documents to give an unfair advantage to Ringgold in retaliation for his filing numerous civil suits, appeals, grievances, and formal and informal complaints. The claim is deficiently pled. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Here,

claim one does not indicate when or where the alleged acts took place and, therefore, fails to state a claim upon which relief may be granted. In addition, the claim against Ringgold is frivolous.

In his second claim, Drumgo alleges that on February 11, 2014, Foreaker, Iwaskiewicz, Martin, and Little took actions with regard to Drumgo's confidential materials to teach Drumgo a lesson for filing civil complaints and grievances. In his fifth claim, Drumgo alleges that on August 4, 2014, Kirlin and Corbett forced him to remain in a shower infested with bugs for 45 minutes in retaliation for a lawsuit he filed against Anthony Burris.

Because Drumgo alleges that the retaliation in claims two and five was the result of his filing lawsuits and grievances, he appears to meet the requisite elements of a retaliation claim. With regard to the second and fifth claims Drumgo has alleged (1) a constitutionally protected activity, (2) that he was subjected to adverse action by defendants, and (3) that the filing of lawsuits and grievances was the motivating factor in the defendants' decision to take adverse action against him. Accordingly, the court will allow claims two and five to proceed at this time, as against Foreaker, Iwaskiewicz, Martin, Little, Kirlin and Corbett.

The court will dismiss claim one for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and will dismiss all claims against Ringgold as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Drumgo will be given leave to amend the retaliation claim in claim one.

### C. Access to the Courts

In his first claim, Drumgo also alleges that he was deprived of his legal papers for a month while facing trial in *Drumgo v. Brown*, Civ. No. 08-592-GMS, a case where he is represented by counsel. He also appears to allege that he was not able to pursue an appeal, that a

deadline expired before the Delaware Supreme Court, and that there was an issue with outgoing legal mail and motions to the Delaware Supreme Court.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415.

The claim is deficiently pled. As a result of the alleged actions, Drumgo must have lost the ability to present either a claim challenging the validity of his sentence on direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. *See Lewis v. Casey*, 518 U.S. at 355. The court is unable to discern from the allegations whether the acts complained of caused Drumgo damage or prevented him from asserting a claim in court. Therefore, the court will dismiss claim one for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Drumgo will be given leave to amend the access to the courts claim in claim one.

9

### D. Conspiracy

In his fourth claim, Drumgo attempts to raise a conspiracy claim. The claim is deficiently pled, conclusory, and somewhat unintelligible. Drumgo alleges that Brown made an order or request to Peck who ordered Lynch to engage in a conspiracy.

To state a conspiracy claim under § 1983, Drumgo must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). A § 1983 conspiracy claim only arises, however, when there has been an actual deprivation of a right. *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township of Tilden*, 423 F. App'x 234 (3d Cir. 2011) (unpublished).

The Complaint fails to allege that the defendants named in claim four actually deprived Drumgo of any federally protected right or that they acted in concert. Drumgo has failed to state a § 1983 conspiracy claim and, therefore, claim four will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as to Brown, Lynch, and Peck.

### E. Remaining Claims

Drumgo has alleged what appear to be cognizable excessive force and failure to protect claims against Stevens and Moss in claim three and excessive force claims against Kirlin and Corbett in claim five.

## IV. CONCLUSION

For the above reasons, Drumgo will be allowed to proceed on: (1) claim two, the retaliation claims against Foreaker, Iwaskiewicz, Martin, and Little; (2) claim three, the excessive force and failure to protect claims against Stevens and Moss; and (3) claim five, the excessive force claims and retaliation claims against Kirlin and Corbett. The court will dismiss: (1) all claims against Carrothers, Burton, Pierce, Scarborough, and Ringgold as frivolous; (2) claim one, the retaliation claims and the access to the courts claims against Little, Martin, Iwaskiewicz, Brown, and Peck for failure to state a claim upon which relief may be granted; and (3) claim four the conspiracy claim against Brown, Peck, and Lynch, as frivolous, all pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Drumgo will be given leave to amend claim one.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Nov 24, 2014
Wilmington, Delaware

11