IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1136-GMS |
| | ) |
| MIKE LITTLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on September 5, 2014. On March 17, 2015, Drumgo filed a motion for injunctive relief complaining of retaliation through an assault and destruction of personal property. (D.I. 21.) The motion is opposed. (D.I. 27.)

### II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards

applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Drumgo asserts that he was assaulted and, more recently, "as retaliation Shannon Corbett came into his cell and broke his television . . . and destroyed family photos." (D.I. 21.) Drumgo asserts that C/O Kirlin continually harasses him and has assaulted him. Drumgo also asserts that threats have been made to place him in the hole for filing a civil lawsuit and grievances "by any means necessary." The motion does not seek any relief.

Drumgo does not indicate when the alleged retaliatory conduct took pace. The warden presented evidence dated August 4, 2014, that "closely mirrors" Drumgo's allegations. The evidence indicates that following a shakedown of Drumgo's cell, he incurred several disciplinary violations including demonstrations, disorderly or threatening behavior, creating a health, safety or fire hazard, disrespect, failing to obey an order, and off limits. (D.I. 27.) Capstun was used to help gain Drumgo's compliance. During the disciplinary hearing, Drumgo stated that he faced retaliation from the officers who were not in his cell to conduct a shakedown, but to read his grievances and civil suit. Drumgo was found guilty of numerous violations, was sanctioned to isolated confinement, and confinement to quarter. (*Id.*) He did not appeal.

2

Upon review of the allegations made by Drumgo, the court concludes that he has not demonstrated the likelihood of success on the merits inasmuch as evidence presented by the warden refutes Drumgo's allegations. Nor has Drumgo produced evidence of irreparable harm.

## IV. CONCLUSION

For the above reasons, the court will deny the motion for injunctive relief. (D.I. 21.) A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

_July 23_, 2015
Wilmington, Delaware