IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1136-GMS |
| | ) |
| MIKE LITTLE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), is an inmate incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. On February 24, 2017, the court granted summary judgment in favor of the defendants and against Drumgo. (D.I. 55, 56.) Judgment was entered on February 27, 2017. (D.I. 57.) On March 5, 2017, Drumgo filed a notice of appeal and on March 7, 2017, he filed the instant motion for reconsideration. (D.I. 58, 60.) The appeal has been stayed pending a decision on the motion for reconsideration. (D.I. 62.)

Drumgo moves for reconsideration on the grounds that: (1) he and the defendant are clearly in dispute and the matter can only be decided in front of a jury; (2) the court erred in making a credibility determination; (3) the parties agree that an incident happened but dispute what happened; (4) and he is being taken advantage of because his property was taken as a result of the February 2017 hostage incident at the VCC leaving him with no records, no research, no books, no briefs, and no case law, rendering the litigation unfair. (D.I. 58.)

The standard for obtaining relief under Rule 59(e) is difficult for Drumgo to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In granting the defendants' motion for summary judgment, the court reviewed the filings, the evidence of record, and the applicable law. The court has again reviewed the court file and finds that Drumgo has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's February 24, 2017 memorandum opinion and order. Therefore, the court will deny the motion for reconsideration. (D.I. 58.)

_____
UNITED STATES DISTRICT JUDGE

April 9, 2017
Wilmington, Delaware

2